# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robert T. Samuel, III, ) | Civil Action No. 2:19-1786-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| The United States Department of State, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 43) recommending the Court grant Defendant the United States Department of State's Motion for Summary Judgment (Dkt. No. 37). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendant's Motion for Summary Judgment.

**I.     Background**

Plaintiff Robert T. Samuel, III, proceeding *pro se*, filed this lawsuit on June 24, 2019. Plaintiff seeks injunctive relief against Defendant the United States Department of State (the "Department") to obtain certain records under the Freedom of Information Act. Specifically, around February 25, 2018, Plaintiff submitted a FOIA request to the Department for records pertaining to "Cuba Condition." Ultimately, the Department denied Plaintiff's request under various exceptions, refusing to confirm or deny the existence of such records per the holding in *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976) (the "*Glomar*" exception).[1]

---

[1] This type of FOIA response received its name from *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976), in which the Central Intelligence Agency ("CIA") refused to confirm or deny whether records existed relating to "the Hughes Glomar Explorer, a ship used in a classified [CIA] project 'to raise a sunken Soviet submarine from the floor of the Pacific Ocean to recover the missiles, codes, and communications equipment onboard for analysis by United States military and intelligence experts.'" *Roth v. U.S. Dep't of Justice,* 642 F.3d 1161, 1171 (D.C. Cir. 2011) (quoting *Phillippi*, 655 F.2d at 1327).

On June 26, 2020, the Department moved for summary judgment. (Dkt. No. 37). On July 29, 2020, Plaintiff filed a response in opposition, (Dkt. No. 41), to which the Department filed a reply on August 5, 2020, (Dkt. No. 43).

On November 13, 2020, the Magistrate Judge filed an R & R recommending that the Department's motion be granted. Plaintiff filed objections to the R & R. (Dkt. No. 49).

The Department's motion is fully briefed and ripe for disposition.

## II.     Legal Standard

### a.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Plaintiff filed objections and the R & R is reviewed *de novo*.

### b.  Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, *Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

I.     Discussion

After review of the record, the R & R, and Plaintiff's objections, the Court finds the Magistrate Judge accurately set forth the facts and legal principles in this case and therefore adopts the R & R in whole as the order of the Court. Namely, the Magistrate Judge correctly determined that, in denying Plaintiff's FOIA request, the Department properly invoked pertinent FOIA exceptions and met its burden of establishing that such exceptions apply. The Court discusses Plaintiff's objections below.

The Court overrules Plaintiff's objections. (Dkt. No. 49). Plaintiff's objections do not point to any specific error in the R & R, but instead repeat arguments already considered, and rejected by, the Magistrate Judge. *See Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) ("Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object."). *Compare, e.g.*, (Dkt. No. 41 at 6) *with* (Dkt. No. 49 at 3). The Court thus

finds that Plaintiff's objections are non-specific and they are accordingly overruled. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (noting that a specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations").

## II.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 43) as the order of the Court and **GRANTS** Defendant's motion for summary judgment (Dkt. No. 37).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
United States District Court Judge

December 8, 2020  
Charleston, South Carolina